# United States Court of Appeals

### For the Eighth Circuit

_____

No. 13-2504

_____

Marcos Miranda-Carreto; Helia Carreto Hernandez

*Petitioner*s

v.

Eric H. Holder, Jr., Attorney General of the United States

*Respondent*

_____

Petition for Review of an Order of the
Board of Immigration Appeals

_____

Submitted: April 29, 2014
Filed: May 2, 2014
[Unpublished]

_____

Before WOLLMAN, BOWMAN, and KELLY, Circuit Judges.

_____

PER CURIAM.

Guatemalan citizens Marcos Miranda-Carreto and Helia Carreto Hernandez petition for review of an order of the Board of Immigration Appeals (BIA) upholding

an immigration judge's decision to deny them asylum and withholding of removal.[1] After careful review, we first conclude that we lack jurisdiction to review the BIA's determinations regarding the untimeliness of the asylum application. See Ngure v. Ashcroft, 367 F.3d 975, 989 (8th Cir. 2004) (explaining that the courts lack jurisdiction to review "the Attorney General's determination that an alien did not demonstrate changed or extraordinary circumstances relating to the delay in filing an asylum application"). We further conclude that the BIA appropriately denied withholding of removal because the group in question, which the petitioners describe as "individuals returning from the United States," does not constitute a particular social group for purposes of withholding-of-removal eligibility. See Matul-Hernandez v. Holder, 685 F.3d 707, 713 (8th Cir. 2012) (holding that "'Guatemalans returning from the United States who are perceived as wealthy' is not a particular social group within the meaning of" the Immigration and Nationality Act); see also Chay-Velasquez v. Ashcroft, 367 F.3d 751, 754 (8th Cir. 2004) (noting that an immigration judge's determination that an alien is ineligible for withholding of removal is a legal conclusion subject to de novo review).

We deny the petition for review.

———————————————————

[1]Petitioners also each applied for cancellation of removal, and Miranda-Carreto applied for relief under the Convention Against Torture, but their brief does not address these claims. See Chay-Velasquez v. Ashcroft, 367 F.3d 751, 756 (8th Cir. 2004) (noting that claims are waived if they are not meaningfully argued in an opening brief).

-2-